# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO DAMACIO-MAZARIEGOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-02530-JLT-HBK<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING[1]<br><br>(Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court is Sergio Damacio-Mazariegos' request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 7.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 7 at 1.) Because the Court orders Respondents to provide Petitioner with a bond hearing and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

(citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Guatemala who was encountered by Border Patrol officers near Sasabe, Arizona, on or about December 22, 2023. (Doc. 1-3 at 9; Doc. 7 at 2). Petitioner was served with a Notice to Appear charging him pursuant to 8 USC § 1182(a)(6)(A)(i) of the Immigration and Nationality Act and was later released by order on his own recognizance. (Doc. 7 at 2) On March 13, 2025, Petitioner was arrested and charged with Lewd Act upon a Child and Annoy/Molest Victim under 18 in violation of Cal. Pen. Code § 288(a) and Cal. Pen. Code. § 647.6(a)(1). (*Id*.) On January 9, 2026, he was convicted of Annoy/Molest Victim under 18 and sentenced to 12 months' probation and 45 days jail in Ventura County Superior Court. (*Id*.) On March 11, 2026, Petitioner was detained by ICE when he reported to an ICE check-in and is currently being detained at the California City Detention Facility in California City, California. (*Id*.)

The government filed an opposition to the petition and issuance of preliminary injunctive relief, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (*See generally* Doc. 7.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549 (E.D. Cal. Nov. 3, 2025); *Aguilera v. Albarran*,

No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Thus, for the reasons set forth, the Court **ORDERS:**

1.      The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.      Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

4.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **April 21, 2026**

_____
UNITED STATES DISTRICT JUDGE

3